UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SLATTERY CO., INC.                    CIVIL ACTION NO. 11-cv-1399

VERSUS                                JUDGE FOOTE

CHESAPEAKE LOUISIANA, LP, ET AL       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the court are two motions to exclude witnesses (Docs. 87 and 92) filed by Defendant. For the reasons that follow, both motions are granted.

**Motion to Exclude Untimely Disclosed Witnesses (Doc. 87):**

Defendant argues that, on October 17, 2013, over six months after fact discovery closed, Plaintiff submitted an amended witness list adding nine new witnesses, four of which had never been disclosed in the case. Those four, which Defendant argues should be excluded from trial are: Jeff Edgren, Ernest Nix, Raymond Lasseigne, and Marshall Jones. Defendant has no objection to the addition of the five other witnesses, all of whom have been deposed.

Plaintiff argues that the four new witnesses are necessary to rebut Defendant's late-stage attempt to sandbag Plaintiff with custom and usage evidence under the guise of expert testimony. In the alternative, Plaintiff asks that the Scheduling Order be modified to permit the late designation of the witnesses.

Plaintiff's justification for the late designations, including its argument regarding Defendant's attempt to sandbag Plaintiff with custom and usage evidence, is not persuasive. As Defendant points out, Plaintiff raised custom and usage as an issue in Plaintiff's amended complaint that was filed two years ago. Doc. 33. In fact, Plaintiff's own experts were tendered as experts in industry custom and practice regarding the payment of royalties.

Furthermore, Plaintiff cannot justify the late designation by claiming the witnesses are simply rebuttal witnesses. These are not rebuttal witnesses; their testimony goes to the merits of an issue that *Plaintiff* raised two years ago. Stumbaugh v. American Commercial Lines, 2009 WL 2922312 (E.D. La. 2009)(Vance, J.)(witness whose purpose is to contradict an expected and anticipated portion of a case in chief can never be considered a rebuttal witness or anything analogous to one).

The court's Scheduling Order does not allow Plaintiff to test the water by presenting its own experts and obtaining Defendant's expert reports before deciding whether additional expert testimony is necessary. The court and the parties are too far along in this hard-fought case to open the door to new witnesses, new experts, additional depositions, and the inevitable round of additional motion practice. Accordingly, the Motion to Exclude (Doc. 88) is granted. Plaintiff's request for alternative relief is denied.

**Motion to Exclude Additional Untimely Disclosed Witnesses (Doc. 92):**

Defendant argues that, on November 12, 2013, almost seven months after the close of discovery, Plaintiff served Defendant with a second amended witness list adding three completely unknown and new witnesses. Defendant states that this is the eighth time

Plaintiff has not complied with the court's Scheduling Order, and the fifth time Defendant has been forced to ask the court for assistance in responding. Defendant also notes that all discovery, fact and expert, is now closed. Daubert motions have been submitted. Defendant argues that allowing these additional witnesses would be severely prejudicial to Defendant.

Plaintiff argues that its three new witnesses, Julius Leitner, Tony Bouso, and Mark Kraus, have been designated as rebuttal witnesses to the testimony of Defendant's expert witnesses. More specifically, Plaintiff believes that the four rebuttal witnesses will testify that there is no "custom and usage" to deduct all post-production costs, especially transportation costs, from a lessor's royalty, contrary to the opinions of Defendant's experts.

Plaintiff's attempt to characterize these witnesses' expected testimony as rebuttal is also unpersuasive. The expected substance of the witnesses' testimony bears directly on the claims and defenses in this case. Instead, it seems clear, at least to the undersigned, that these new witnesses are being offered to contradict an expected portion of Defendant's defense. Accordingly, Defendant's Motion to Exclude (Doc. 92) is granted. Plaintiff's request to modify the Scheduling Order to permit the untimely designation of additional witnesses is **denied**.

All requests for costs and fees in connection with both motions are **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of January, 2014.



Mark L. Hornsby
U.S. Magistrate Judge