UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SLATTERY CO., INC.                           CIVIL ACTION NO. 11-cv-1399

VERSUS                                       JUDGE FOOTE

CHESAPEAKE LOUISIANA, LP, ET AL              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Before the court is Defendant's Motion to Seal Documents. Doc. 188. Defendant argues, among other things, that the documents in question are confidential and contain sensitive business information of Defendant and non-parties. Plaintiff opposes the motion. For the reasons stated below, the motion is granted in part and denied in part.

**Law and Analysis**

The power to seal court records must be used sparingly in light of the public's right to access. The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself. U.S. v. Holy Land Foundation, 624 F.3d 685, 690 (5th Cir. 2010). Public access serves to promote trustworthiness of the judicial process, curb judicial abuses, and provide the public with a more complete understanding of the judicial system, including a better perception of its fairness. Id. In exercising its discretion to seal judicial records, the court must balance the public's right of access against the interests favoring nondisclosure. S.E.C. v. Van

Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993); <u>Sealing Court Records and Proceedings: A Pocket Guide</u>, p. 17 (FJC 2010).

**Gathering Agreements**

The court agrees that the 2008 Master Gas Gathering Agreement and the 2010 Gas Gathering Agreement constitute sensitive financial information and should be placed under seal. Even though Plaintiff points out that rates charged are calculable from the information on the check stubs, the agreements contain financial information of other entities (some of which are separate from, but related to, Defendant) and detailed information about how various rates were calculated. Accordingly, the clerk is directed to place the following exhibits under seal: Doc. 93-8, 94-5, 105-6, 119-7, 160-2, and 160-3. Defendant makes reference to Daubert Exs. 12 and 13 but does not provide a record document citation. Defendant also refers to amendments to the gas gathering agreements. The undersigned is not aware of the nature or extent of the amendments. Accordingly, the amendments will be dealt with if and when they are offered into evidence.

**Precedent Agreements**

The court previously ordered the ETC Tiger Precedent Agreement and the 2009 Letter Agreement with CenterPoint Energy to be placed under seal. Doc. 152. The May 2008 Precedent Agreement with CenterPoint will be placed under seal if and when it is filed or offered into evidence. These agreements are between third party pipeline companies and CEMI, and they contain confidential capital and credit information.

**Transportation Agreements**

Defendant has not satisfied the court that the transportation agreements should be placed under seal. Plaintiff represents that ETC and Centerpoint (now known as Enable) have posted their form transportation agreements on their websites. Plaintiff also claims that none of the agreements contain confidentiality clauses. Defendant has not shown otherwise.

**WASP Packets**

Defendant has not satisfied the court that the calculation packets should be placed under seal. Simply claiming that the documents contain "invoice details" or prices is not enough to meet Defendant's burden.

**Other Documents Already Under Seal**

Pursuant to Defendant's statements in its brief, the clerk is directed to unseal the following documents: 170-3, 149-4, 163-5 and 163-6. The court appreciates Defendant's willingness to unseal those documents voluntarily.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of May, 2014.



Mark L. Hornsby
U.S. Magistrate Judge